

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERHAT ERTUGRUL, | Case No.:  26-cv-3442-BJC-JLB |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| v. | |
| MARKWAYNE MULLIN, et al, | |
| Respondents. | |

On June 8, 2026, Petitioner Serhat Ertugrul filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241.  ECF No. 1.  Petitioner is a native and citizen of Turkey *Id.* ¶ 26.  Petitioner entered the United States on April 15, 2023, and was placed in removal proceedings which remain pending.  *Id.* ¶ 48. Petitioner was released from custody on conditional parole pursuant to 8 U.S.C. § 1226(a).  ECF No. 4.  Petitioner was re-detained by Respondents on May 24, 2026.  No pre-deprivation hearing was held prior to his re-detention, and he has not been given a bond hearing.  Petitioner has been detained at the Otay Mesa Detention Center since his arrest. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order Petitioner's immediate release from custody or, in the alternative, order an adequate bond hearing.

//

## I.   LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II.   DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment. Respondents do not address Petitioner's due process arguments. Instead, Respondents state that Petitioner is subject to mandatory detention under section 1225(b)(2) but acknowledge that this Court has repeatedly reached the opposite conclusion under the same or similar facts. ECF No. 4. Therefore, Respondent "does not oppose the petition and defers to the Court on the appropriate relief." ECF No. 4 at 2.

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. The Court finds Petitioner's revocation of his release and detention violates his due process rights.

//
//
//
//
//

26-cv-3442-BJC-JLB

**III.   CONCLUSION AND ORDER**

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  June 17, 2026

Honorable Benjamin J. Cheeks
United States District Judge

3

26-cv-3442-BJC-JLB